FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 28, 2020

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHERRIL W.,<br><br>                              Plaintiff,<br><br>        v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>                              Defendant. | NO:  1:19-CV-3205-FVS<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT IN PART AND<br>DENYING DEFENDANT'S MOTION<br>FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 11 and 12.  This matter was submitted for consideration without oral argument.  The Plaintiff is represented by Attorney D. James Tree.  The Defendant is represented by Special Assistant United States Attorney L. Jamala Edwards.  The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed.  For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment in part, ECF No. 11, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 12.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

# JURISDICTION

Plaintiff Sherril W.[1] protectively filed for disability insurance benefits on April 26, 2011, alleging an onset date of December 7, 2009.  Tr. 167-70.  Benefits were denied initially, Tr. 109-15, and upon reconsideration, Tr. 117-21.  Plaintiff appeared for a hearing before an administrative law judge ("ALJ") on August 13, 2013.  Tr. 35-72.  Plaintiff was represented by counsel and testified at the hearing. *Id*.  The ALJ denied benefits, Tr. 16-34, and the Appeals Council denied review.  Tr. 1.  On September 14, 2016, the United States District Court for the Eastern District of Washington granted Plaintiff's Motion for Summary Judgment, and remanded the case for further proceedings.  Tr. 539-56.  On November 4, 2016, the Appeals Council vacated the ALJ's finding, and remanded for further administrative proceedings.  Tr. 559.  On August 25, 2017 and March 13, 2019, Plaintiff appeared for additional hearings before the ALJ.  Tr. 422-510.  The ALJ denied benefits.  Tr. 396-421.  The matter is now before this court pursuant to 42 U.S.C. § 405(g).

/ / /

/ / /

/ / /

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner.  Only the most pertinent facts are summarized here.

Plaintiff was 52 years old at the time of the 2017 hearing.  Tr. 430.  She completed high school and reported that she "went to insurance school." *See* Tr. 220. Plaintiff lives with her husband.  Tr. 52.  Plaintiff has work history as a salesperson, receiving clerk, stock clerk, and retail manager.  Tr. 42, 64, 430, 496.  Plaintiff testified that she had back surgery in 2006.  Tr. 42.  She reported that she does not drive because her leg goes numb "at random," and she has side effects from her medication.  Tr. 44, 433.  Plaintiff testified that she is dizzy all the time, she is never pain free, she changes positions constantly, and she has problems with anxiety.  Tr. 46, 49, 435, 507.  Her most severe pain is the left side of her back and down her left leg.  Tr. 50.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience.  20 C.F.R. § 404.1520(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

§ 404.1520(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of December 7, 2009, through her date last insured of September 30, 2015.  Tr. 402.  At step two, the ALJ found that through the date last insured, Plaintiff had the following severe impairments: degenerative disc disease status post history of laminectomy, affective disorder, and anxiety disorder.  Tr. 402.  At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment.  Tr. 403.  The ALJ then found that Plaintiff has the RFC

> to perform light work as defined in 20 CFR 404.1567(b), as work involving lifting and carrying 20 pounds occasionally and up to 10 pounds frequently.  She could stand and/or walk for approximately 6

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

hours and sit for approximately 6 hours in an 8-hour workday with normal breaks. She could frequently climb ramps or stairs. She could occasionally climb ladders, ropes, or scaffolds. She could occasionally stoop, kneel, crouch, or crawl. She should avoid concentrated exposure to excessive vibration and workplace hazards such as dangerous machinery and unprotected heights. She could perform simple and well-learned tasks with superficial interaction with the public and co-workers (no extensive teamwork).

Tr. 405.

At step four, the ALJ found that through the date last insured, Plaintiff was unable to perform any past relevant work. Tr. 412. At step five, the ALJ found that through the date last insured, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, including: cleaner housekeeping, merchandise marker, office helper, production assembler, hand packager, and mail clerk. Tr. 413-14. On that basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from December 7, 2009, the alleged onset date, through September 30, 2015, the date last insured. Tr. 414.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act. ECF No. 11. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly weighed the medical opinion evidence; and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

2.  Whether the ALJ properly considered Plaintiff's symptom claims.

**DISCUSSION**

**A. Medical Opinions**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir. 2001)(citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir. 1995)). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1    The opinion of an acceptable medical source such as a physician or

2    psychologist is given more weight than that of an "other source."  *See* SSR 06-03p

3    (Aug. 9, 2006), *available at* 2006 WL 2329939 at *2; 20 C.F.R. § 416.927(a).

4    "Other sources" include nurse practitioners, physician assistants, therapists, teachers,

5    social workers, and other non-medical sources.  20 C.F.R. §§ 404.1513(d),

6    416.913(d).   The ALJ need only provide "germane reasons" for disregarding an

7    "other source" opinion.  *Molina*, 674 F.3d at 1111.  However, the ALJ is required to

8    "consider observations by nonmedical sources as to how an impairment affects a

9    claimant's ability to work." *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987).

10    Plaintiff argues the ALJ erroneously considered the opinions of treating

11    physician John W. Lyzanchuk, D.O.; examining psychologist Jesse McClelland,

12    M.D.; treating providers T.H. Palmatier, M.D. and Cari Cowin, ARNP-C; reviewing

13    physician Rox Burkett, M.D.; and testifying medical expert Miller A. Garrison,

14    Ph.D.  ECF No. 11 at 4-15.

15    *1.  Jesse McClelland, M.D.*

16    In October 2011, Dr. Jesse McClelland examined Plaintiff and opined that she

17    "has had a significant drop-off in her cognitive capabilities, which may make it more

18    difficult to complete detailed and complex tasks, accept instructions from

19    supervisors, and perform work activities on a consistent basis without special

20    additional instruction"; she would likely have difficulty interacting with coworkers

21    and the public; she may struggle to maintain regular attendance at the workplace as

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN
PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 10

she is barely able to leave the house and she is no longer able to drive; and she

would likely struggle to deal with the usual stress encountered in the workplace.  Tr.

330.  The ALJ gave minimal weight to Dr. McClelland's opinion.  Tr. 441.

As an initial matter, Plaintiff notes that the ALJ "rejected Dr. McClelland's

opinion by almost wholly – word for word – repeating the findings from the last

decision.  However, the district court already considered these reasons and rejected

them."  ECF No. 11 at 12 (citing Tr. 27-28, 411, 545-46).   The Court agrees.  In the

prior decision dated December 19, 2013, the ALJ found that

> Dr. McClelland's opinion relies [sic] quiet heavily on the claimant's
> own self-report: he saw her only once and had no treatment records to
> review.  As previously noted, the claimant did not disclose to Dr.
> McClelland that she travels to Moses Lake on a regular basis and has
> stayed there for five weeks in the summer, sometimes by herself and
> sometimes with family, and that she has traveled to Idaho two or three
> times in the last year.  These activities are inconsistent with her reported
> symptoms, including her reports of barely being able to leave the house.
> Thus, Dr. McClelland did not have accurate information on which to
> base an opinion.  As the claimant's allegations are not fully credible,
> Dr.McClelland's reliance on the claimant's self-reports undermines the
> reliability of his determination.

Tr. 27-28.  On September 14, 2016, the United States District Court found the

reasons given by the ALJ for rejecting Dr. McClelland's opinion were not legally

sufficient because (1) the ALJ's finding that Dr. McClelland did not review

treatment records is not supported by the record, thus, the ALJ failed to provide a

basis for the conclusion that Dr. McClelland relied largely on Plaintiff's self-reports;

and (2) the ALJ's conclusion that Dr. McClelland's opinion was based on an

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN
PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 11

inaccurate representation of Plaintiff's activities "is an extension of the ALJ's conclusion that Dr. McClelland's opinion was based on Plaintiff's self-reports, and therefore not legally sufficient." Tr. 545-46. In November 4, 2016, the Appeals Council vacated the decision and remanded the case for further proceedings consistent with the order of the district court. Tr. 559. However, as noted by Plaintiff, the ALJ's reasons for rejecting Dr. McClelland's opinion in the recent May 21, 2019 decision are word-for-word identical to those previously rejected in 2013. Tr. 411. The ALJ again found that

> Dr. McClelland's opinion relies quite heavily on the claimant's own self-report: he saw her only once and had no treatment records to review. As previously noted, the claimant did not disclose to Dr. McClelland that she travels to Moses Lake on a regular basis and has stayed there for five weeks in the summer, sometimes by herself and sometimes with family, and that she has traveled to Idaho two or three times in the last year. These activities are inconsistent with her reported symptoms, including her reports of barely being able to leave the house. Thus, Dr. McClelland did not have accurate information on which to base an opinion. As the claimant's allegations are not fully credible, Dr. McClelland's reliance on the claimant's self-reports undermines the reliability of his determinations.

Tr. 411.

As noted by Plaintiff, "[t]he law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) (citing *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012) ). However, the doctrine "should not be applied when the evidence on remand is substantially

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

different." *Id.* Defendant argues that "[a]lthough the ALJ's reasoning was similar to the previous decision, the difference is in the recent decision, the ALJ had more information in the record showing Plaintiff continued to be more active than claimed and the objective record did not support her complaints." ECF No. 12 at 20. However, in support of this argument, Defendant generally cites the entirety of the ALJ's most recent 2019 decision.

First, the Court notes that neither ALJ decision relies on lack of support in the objective record as a reason to discount Dr. McClelland's opinion, and the Court is not permitted to consider reasoning that was not offered by the ALJ in the decision. *Bray*, 554 F.3d at 1226 (the Court "review[s] the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). Second, as argued by Plaintiff, "[t]here has been no meaningful change on these issues as it existed at the time of Dr. McClelland's report. In fact, the only new evidence showed [Plaintiff] stopped going to Moses Lake and Dr. Garrison agreed there was no inconsistency between Dr. McClelland's opinion she would have difficulty with workplace attendance and [Plaintiff's] ability to travel to a perceived safe location." ECF No. 11 at 12 (citing Tr. 433-34, 450-51). The ALJ does not specifically reference, nor does the Court discern, any new evidence on remand that would support the ALJ's reliance on the exact same reasons previously rejected by the district court. Third, Defendant argues that the ALJ sufficiently explained "in

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

multiple parts of her decision the reasoning why Plaintiff's subjective complaints did not align with the opinion of Dr. McClelland." ECF No. 12 at 20 (citing Tr. 404, 407-08, 411). However, the Court's review of the record reveals that the exact same "explanations" cited by Defendant to support this argument were offered in the prior ALJ decision, and the district court nonetheless found that the ALJ's rejection of Dr. McClelland's opinion because it was based largely on Plaintiff's self-report was not supported by substantial evidence. *See* 22-23, 26-28.

Fourth, Defendant contends it was reasonable for the ALJ to give great weight to the opinion of Dr. Garrison, the testifying medical expert, "over the unsupported opinion of Dr. McClelland." ECF No. 12 at 20-21. In support of this argument, Defendant cites the ALJ's finding that Dr. Garrison "testified there was no collateral evidence to support the severity of Plaintiff's subjective self-reports, or a finding that her mental impairments met or equaled a listing." ECF No. 12 at 20 (citing Tr. 444-47). However, the Court's independent review of the record reveals that this finding mischaracterizes the entirety of Dr. Garrison's expert opinion, which also included testimony that (1) Dr. McClelland's mental status examination included objective findings of depression and constricted affect, and "notable" observations that Plaintiff was nervous and fidgety; (2) Plaintiff was prescribed antidepressant medication in 2013; (3) Dr. Garrison "concurred" with Dr. McClelland that at the time of his opinion that Plaintiff had symptoms consistent with anxiety disorder, and she would "be willing to say" Plaintiff met the listing for a short "one or two month

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

period" during that time; (4) the GAF was "pretty low" at 39; and perhaps most notably (5) Dr. Garrison did not see any inconsistency between Dr. McClelland's finding that Plaintiff would "have trouble maintaining regular attendance" in the workplace, and Plaintiff's reports elsewhere in the record that she traveled to a summer cabin with her husband. *See* Tr. 444-451.

Here, the ALJ failed to consider the entirety of Dr. Garrison's testimony; thus, to the extent any inconsistency between Dr. McClelland and Dr. Garrison's opinion is offered as a reason to discount Dr. McClelland's opinion, the Court finds it does not rise to the level of substantial evidence to support the wholesale rejection of Dr. McClelland's opinion. *See Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir. 2007) (holding that "we must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." (citation and internal quotation marks omitted)).

For all of the foregoing reasons, the ALJ erred in this case by relying on the exact same reasons for rejecting Dr. McClelland's opinion that were previously deemed to be improper by the district court. As a final matter, the ALJ gave one new reason to discount Dr. McClelland's opinion, namely, that he "used non-specific qualifying terms (POMS DI 24510.065) such as 'would likely struggle' and 'would have difficulty,' which he did not explain or define. Such terms do not describe function and do not usefully convey the extent of capacity limitation." Tr.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

411.  However, the Court notes that the SSA's Program Operations Manual System

("POMS") is an internal agency manual, and while it is "entitled to respect," it "does

not impose judicially enforceable duties on either this court or the ALJ."  *Carillo-*

*Yeras v. Astrue*, 671 F.3d 731, 735 (9th Cir. 2011) (citations and internal quotation

marks omitted).  Here, POMS DI 24510.065 instructs state agency consultants to

"[i]nclude no severity ratings or nonspecific terms (e.g. moderate, moderately

severe) to describe limitations.  Such terms do not describe function and do not

usefully convey the extent of capacity limitation."  POMS DI 24510.065.  Dr.

McClelland is not a state agency consultant, and his opinion does not employ terms

such as those specifically described in POMS DI 24510.065.

Regardless, when explaining his reasons for rejecting medical opinion

evidence, the ALJ must do more than state a conclusion; rather, the ALJ must "set

forth his own interpretations and explain why they, rather than the doctors', are

correct."  *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).  "This can be done

by setting out a detailed and thorough summary of the facts and conflicting clinical

evidence, stating his interpretation thereof, and making findings."  *Id*.  Here, the ALJ

fails to summarize and interpret the specific clinical findings made by examining

provider Dr. McClelland; thus, the ALJ's conclusory rejection of Dr. McClelland's

entire opinion based solely on two examples of "non-specific qualifying terms" is

not specific, legitimate, and supported by substantial evidence.  Moreover, as

discussed above, the ALJ improperly discounted Dr. McClelland's opinion for the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN
PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 16

same reasons previously rejected by the district court, with no discernable change in the record on those issues.  Dr. McClelland's opinion must be reconsidered upon remand, and particularly in light of Dr. Garrison's expert testimony regarding Dr. McClelland's opinion, any conflicts in medical evidence should be addressed by the ALJ.

2.  *John W. Lyzanchuk, D.O.*

The record contains multiple opinions from Dr. Lyzanchuk, Plaintiff's treating physician since December 2009.  In March 2014, Dr. Lyzanchuk opined that Plaintiff needed to lie down 4 to 5 times per day, frequently change positions from standing to sitting, only stand for 20-30 minutes at a time, only sit for 20 minutes at a time without changing positions, and would miss 4 or more days per month if she attempted to work a 40-hour per week schedule.  Tr. 394-95.  Similarly, in August 2017, Dr. Lyzanchuk opined that Plaintiff would need to change positions frequently and lie down during the day, could be "vertical" for about 20 to 30 minutes at a time, could sit for 20 minutes at a time without position changes, would miss 4 or more days per month if she attempted to work a 40-hour per week schedule, and she was "severely limited" which is defined as unable to meet the demands of full time sedentary work.  Tr. 847-49.  The ALJ gave these opinions "minimal weight" for several reasons.  Tr. 410.

First, the ALJ noted that Dr. Lyzanchuk opined that Plaintiff had lumbar radiculopathy, but this "is unconfirmed by the objective medical evidence."  Tr. 410.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

In support of this finding, the ALJ noted elsewhere in the decision that an EMG of Plaintiff's left lower extremity in January 2011 revealed no evidence of lumbosacral radiculopathy.  Tr. 313, 315, 407.  An ALJ may discount an opinion that is conclusory, brief, and unsupported by the record as a whole, or by objective medical findings.  *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).  Plaintiff argues that Dr. Lyzanchuk's "diagnosis was supported by objective evidence, including an MRI of moderate degeneration and persistent herniated nucleus pulposus at L5-S1"; Dr. Rox Burkett's reviewing opinion in September 2017 that the evidence of a second herniated lumbar disc "supported pain and weakness in the manner Dr. Lyzanchuk described"; and testifying medical expert Dr. Leonard M. Rubin's opinion, to which the ALJ gave significant weight, that regardless of the objective evidence regarding possible radiculopathy, the MRI results showed abnormalities consistent with Dr. Lyzanchuk's opinion that Plaintiff's herniated disc is irritating the nerve going into her leg.  ECF No. 11 at 5 (citing Tr. 308, 320, 343, 458-59, 469-70, 855).

Based on the foregoing, the Court finds the ALJ's reliance on this single objective test that found no evidence of lumbar radiculopathy does not rise to the level of substantial evidence to support a finding that the entirety of Dr. Lyzanchuk's opinions, which are also based on his consistent diagnoses of low back pain, chronic pain syndrome, dorsal strain, and herniated lumbar disc, are entirely unsupported by objective evidence.  The ALJ failed to set out a detailed and thorough summary of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

facts and "conflicting medical evidence," including conflicting interpretations of the objective evidence by medical experts and reviewing physicians; nor did the ALJ set out his own interpretation and make appropriate findings based on the entire record. *See Reddick*, 157 F.3d at 725. Thus, the ALJ's conclusory rejection of Dr. Lyzanchuk's opinions as unsupported by "the objective medical evidence," based on a single EMG result, is not supported by substantial evidence.

Second, the ALJ found the severe limitations opined by Dr. Lyzanchuk "are not reflected in his treatment notes . . . or are not supported by the opinions of other treating and examining physicians of record." Tr. 410. An ALJ may properly reject a medical opinion if it is inconsistent with the provider's own treatment notes. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). In addition, the consistency of a medical opinion with the record as a whole is a relevant factor in evaluating that medical opinion. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). In support of this finding, the ALJ generally cites all 166 pages of Dr. Lyzanchuk's treatment notes from 2009-2018. Tr. 410. Plaintiff argues the ALJ's conclusion is unsupported by the record, and cites evidence in Dr. Lyzanchuk's notes of limited ability for physical work, active capacity limitations, slow and guarded ambulation due to low back pain, reduced spine range of motion, tenderness in her back, muscle spasms, and numbness in her leg. ECF No. 11 at 6 (citing Tr. 348, 351, 370, 379, 385, 390, 786, 790, 795-96, 799-80, 807-09, 811-13, 816, 818, 820, 831, 861, 863, 869-70, 874). Moreover, as argued by Plaintiff, the ALJ merely concludes that Dr.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

Lyzanchuk's treating opinion was unsupported by "other treating and examining physicians of record," without "setting forth his own interpretations and explain[ing] why they, rather than [Dr. Lyzanchuk's] are correct."  ECF No. 11 at 6 (citing *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014)).  Finally, despite the ALJ's reference to lack of support from "other treating physicians of record," the Court's was unable to discern any treating physician opinion evidence in the record aside from Dr. Lyzanchuk, who "was the primary author of this record and was copied on other evidence in the record."  ECF No. 11 at 7.

For all of these reasons, the Court finds the ALJ failed to explain with requisite specificity how Dr. Lyzanchuk's 2014 and 2017 treating opinions were not supported by "his own treatment notes" and "the opinions of other treating and examining physicians of record."   Tr. 410; *see Brown-Hunter*, 806 F.3d at 492 ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review").  Thus, these were not specific and legitimate reasons, supported by substantial evidence, for the ALJ to reject Dr. Lyzanchuk's 2014 and 2017 opinions, and they must be reconsidered on remand.[2]

---

[2] In his 2014 opinion Dr. Lyzanchuk also noted that "DL&I has been less than accommodating in allowing needed full work-up and treatment, therefore disabled."  Tr. 395, 410.  The ALJ "discounted" this statement "as it is not based on objective evidence, and is not applicable to establishing Social Security

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20

As a final matter, Dr. Lyzanchuk wrote a letter in March 2019 indicating that "there has been minimal change" since his August 2017 opinion.  Dr. Lyzanchuk additionally noted that Plaintiff's "pain pattern is essentially the same with low back and left leg radiculopathy.  Periodic exacerbation do occur.  Remember her pain pattern has now continued for a decade.  Limitations continue to persist.  Employment not possible.  This lady is disabled as indicated in last report."  Tr. 896.  The ALJ found "[t]his review and letter, done more than 3 years after the date last insured, does not bolster his prior opinion nor does it provide any specific limitations."  Tr. 410.  Plaintiff argues "the purpose of this report was only to note there had been no change since 2017 and [Plaintiff] still had the same disabling limitations."  ECF No. 11 at 7 (citing 20 C.F.R. § 404.1527(c) (the more consistent an opinion is with the record as a whole, the more weight it is generally owed)).  In general, the ALJ is correct that where a physician's report did not assign any specific limitations or opinions in relation to an ability to work, "the ALJ [does] not need to provide 'clear and convincing reasons' for rejecting [the] report because the ALJ did not reject any of [the report's] conclusions."  *See, e.g., Turner v. Comm'r of Soc. Sec.*

---

disability."  Tr. 410.  However, Plaintiff concedes that "[w]ether this comment is credited has no bearing on disability."  ECF No. 11 at 8.  Thus, the Court declines to consider this statement by Dr. Lyzanchuk in the context of reviewing the ALJ's reasons for discounting his opinion.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 21

1    *Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010).  Moreover, a statement of disability

2    made outside the relevant time period may be disregarded.  *See id.* at 1224.

3    However, in light of the need to reconsider Dr. Lyzanchuk's 2014 and 2017

4    opinions, the ALJ should reconsider this evidence on remand, along with all of the

5    relevant opinion evidence.

6        *3.  T.H. Palmatier, M.D. and Cari Cowin, ARNP-C*

7        In June 2010 and September 2010, Dr. Palmatier and Ms. Cowin examined

8    Plaintiff and indicated her "employability" was "no work."  Tr. 300, 303.  In

9    September 2010, they also opined Plaintiff was "unable to perform" any light duty

10   job descriptions.  Tr. 300.  The ALJ gave minimal weight to these opinions.  Tr. 410.

11   As an initial matter, the ALJ found their opinions were (1) "temporary in nature as

12   they were awaiting further treatment and evaluations before making a determination

13   whether [Plaintiff's] physical condition was worse," and (2) the opinion is "vague

14   and does not indicate any limitations or describe functional capacity."  Tr. 410.  To

15   be found disabled, a claimant must be unable to engage in any substantial gainful

16   activity due to an impairment which "can be expected to result in death or which has

17   lasted or can be expected to last for a continuous period of not less than 12 months."

18   42 U.S.C. § 423(d)(1)(A); *see also Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir.

19   2012).  Moreover, where a physician's report does not assign any specific limitations

20   or opinions in relation to an ability to work, "the ALJ [does] not need to provide

21   'clear and convincing reasons' for rejecting [the] report because the ALJ did not

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN
PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 22

reject any of [the report's] conclusions." *See, e.g., Turner*, 613 F.3d at 1223. The ALJ is correct that aside from a general assessment that Plaintiff was not employable, Dr. Palmatier and Ms. Cowin did not assign specific functional limitations in relation to her ability to work, nor did they opine a specific duration that Plaintiff would be unable to work.

However, the ALJ additionally gave this opinion minimal weight because it was based on Plaintiff's "subjective reports of 'increased pain and neurological symptoms'" that "remain unconfirmed by objective medical evidence." Tr. 410. An ALJ may reject a physician's opinion if it is based "to a large extent" on Plaintiff's self-reports that have been properly discounted as not credible. *Tommasetti*, 533 F.3d at 1041; *see also Batson*, 359 F.3d at 1195 (ALJ may discount an opinion that is conclusory, brief, and unsupported by the record as a whole, or by objective medical findings). However, the ALJ entirely fails to consider that Ms. Cowin and Dr. Palmatier's own notes include objective findings that Plaintiff had a "very slow and antalgic gait," minimal range of motion, inability to sit and "in obvious discomfort," tenderness in her spine "left more than right," inability to toe walk and only able to heel walk "with great effort," decreased DTR on the left, minimal muscle strength on the right hallucis longus muscle, and positive straight leg raise on the left. Tr. 300, 302. Their treatment notes also summarized 2009 MRI results that changed from her previous 2006 MRI, including laminectomy defect on the left at L5-S1, mild degenerative and anterior bulging of disc at T11-T12, small central and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 23

left paracentral protrusion of the disc at L5-S1, and mild facet arthrosis.  Tr. 302.

Finally, as noted in the district court order, but seemingly not considered by the ALJ

in the decision at issue, Ms. Cowin also wrote a letter in November 2010 expressing

"surprise" that the IME performed in August 2010 reported all of Plaintiff's

symptoms were subjective, because they also reported decreased sensation on the

left and positive straight leg on the right; and Ms. Cowin further opined in the same

letter that Plaintiff had "sustained a worsening in her condition with increased pain

and neurological symptoms."  Tr. 304.

Particularly in light of the need to reconsider the examining opinion of Dr.

McClelland, and Dr. Lyzanchuk's treating opinions, as discussed above, the Court

finds the ALJ should also reconsider this evidence from Dr. Palmatier and Ms.

Cowin on remand.

*4.  Additional Medical Opinions*

Plaintiff additionally argues that the ALJ improperly considered the reviewing

opinion of Rox Burkett, M.D., and testifying psychological expert Dr. Miller

Garrison.  ECF No. 11 at 13-17.  First, as discussed in detail above in relation to Dr.

McClelland's opinion, the Court agrees with Plaintiff that "[i]n giving non-

examining Dr. Garrison 'significant weight,' the ALJ made critical misstatements of

testimony"; thus, this opinion must be reconsidered on remand, if necessary.  ECF

No. 11 at 16-17.  Second, the ALJ summarily rejected Dr. Burkett's reviewing

opinion because he was a non-examining physician, his opinion was inconsistent

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN
PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 24

with certain reviewing and examining physicians, and "[w]ithout objective medical foundation, his opinion is unpersuasive." Tr. 411. However, the ALJ somewhat paradoxically acknowledged that Dr. Burkett's identification of a second disc herniation was consistent with Dr. Lyzanchuk's treating notes, and the second disc herniation was "not specifically addressed by the medical expert at the hearing." Tr. 410-11. Moreover, the ALJ fails to address with requisite specificity how Dr. Burkett's opinion is inconsistent with the medical expert testimony and the reviewing opinions, nor does the ALJ address how Dr. Burkett's opinion is "without objective medical foundation." Tr. 411. For all of these reasons, and in light of the need to reconsider the treating and examining opinions, as discussed in detail above, the ALJ should also reevaluate the opinions of Dr. Burkett and Dr. Garrison, along with all relevant medical opinion evidence, on remand.

## B. Plaintiff's Symptom Claims

Plaintiff additionally challenges the ALJ's consideration of Plaintiff's symptom claims. ECF No. 11 at 17-20. Here, the ALJ found Plaintiff's "statements concerning her incapacity are not borne out by the objective medical evidence or record, the well-considered medical opinions, or the consistency of her own reported and demonstrated functional ability." Tr. 406-09. Thus, because the analysis of Plaintiff's symptom claims is largely dependent on the ALJ's evaluation of the medical evidence, including the medical opinions that were improperly rejected by the ALJ, the Court declines to address this challenge in detail here. On remand, the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 25

ALJ is instructed to reconsider Plaintiff's symptom claims and conduct a new

sequential analysis, after reconsidering the medical opinion evidence.

### REMEDY

The decision whether to remand for further proceedings or reverse and award

benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d

599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no

useful purpose would be served by further administrative proceedings, or where the

record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*,

859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be

"unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see*

*also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion

not to remand for benefits when all of these conditions are met). This policy is

based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But

where there are outstanding issues that must be resolved before a determination can

be made, and it is not clear from the record that the ALJ would be required to find a

claimant disabled if all the evidence were properly evaluated, remand is appropriate.

*See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*,

211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See*

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014)

(remand for benefits is not appropriate when further administrative proceedings

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN
PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 26

would serve a useful purpose). Here, the ALJ improperly considered the medical opinion evidence, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Instead, the Court remands this case for further proceedings. On remand, the ALJ should reevaluate the opinions of Dr. McClelland and Dr. Lyzanchuk, as well as all relevant medical opinion evidence. In addition, the ALJ should reconsider Plaintiff's symptom claims and the remaining steps in the sequential analysis. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from medical experts. The ALJ should reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ. Finally, given that this is the second time the ALJ in this matter has had her decision reversed due to errors contained therein, on remand this case shall be assigned to a different ALJ.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED in part,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 27

2.  Defendant's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

3.  Application for attorney fees may be filed by separate motion.

The District Court Clerk is directed to enter this Order and provide copies to counsel.  Judgement shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** September 28, 2020.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge